```
CHRISTOPHER P. BURKE, ESQ.                ECF FILED ON 08/27/09
Nevada Bar No.: 004093
atty@cburke.lvcoxmail.com
218 S. Maryland Parkway
Las Vegas, Nevada 89101
(702) 385-7987
Attorney for Debtors
```

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

```
In Re:                          )    BK-S-09-24057-BAM
                                )    Chapter 7
ERIC MWANGI, and                )
PAULINE MWICHARO,               )
                                )
         Debtor(s).             )    DATE: 09-15-09
_____)    TIME: 2:30 P.M.
```

**MOTION FOR SANCTIONS FOR VIOLATION OF AUTOMATIC STAY**

COMES NOW, Debtors, ERIC MWANGI and PAULINE MWICHARO, (hereinafter "Debtors") by and through their undersigned counsel, CHRISTOPHER P. BURKE, ESQ., ("Burke") and moves this Court for an Order Granting Sanctions for Violation of Automatic Stay, against Creditor, Wells Fargo, (hereinafter 'Wells Fargo'), for their intentional violations of the automatic stay imposed by 11 U.S.C. § 362. This motion is made and based upon the pleadings on file herein and the Memorandum of Points and Authorities attached hereto.

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>
**Statement of Facts**
**I**

That facts of this case are straightforward. Debtors filed a chapter 7 bankruptcy on August 3, 2009. Wells Fargo, was listed on schedule F as an unsecured creditor. Wells Fargo learned of

1  Debtors bankruptcy filing via the 341 notice.

2  Despite notice, on August 6, 2009 Wells Fargo placed a
3  'freeze' on Debtors bank account. Wells Fargo then sent Burke a
4  letter to that effect. (See Ex. 'A').

5  On August 11, 2009 Debtors amended schedules B and C to
6  exempt the money in Debtors bank account as wages which are 75%
7  exempt. On August 18, 2009 Burke contacted Wells Fargo and spoke
8  with Shannon DeSantis ("DeSantis"). Burke explained that Debtors
9  property was exempt and requested the freeze be lifted. Ms.
10 DeSantis stated it would not be lifted unless the Trustee agreed.
11 (Ex. 'B'). On August 25, 2009 Burke followed up with a letter to
12 Wells Fargo. (Ex. 'C').

**II**
**LAW**

11 U.S.C. § 362(a) provides in pertinent part:

> a petition filed... operates as a stay, applicable to all entities, of—
>
> (3) any act to obtain possession of property of the estate. . .or to exercise control over property of the estate;
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title

11 U.S.C. § 362(k) provides:

> "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including appropriate circumstances, may recover punitive damages."

. . . . . .

. . . . . .

. . . . . .

2

# III
# ARGUMENT
## A
## §362(a)(3) and (a)(6)

Despite notification of the bankruptcy, Wells Fargo has frozen Debtors bank accounts. Though couched as providing a benefit to the estate, Wells Fargo is indirectly seeking to collect on its own debt. As such, Wells Fargo should by sanctioned, for its intentional violation of the automatic stay, in particular §362(a)(3) and §362(a)(6).

The legislative history of Section 362(a)(6) indicated that the section was aimed at "prevent[ing] creditors from attempting in any way to collect a prepetition debt". H.R. Rep. No. 595, 95th Cong., 1st Sess. 342(1977), U.S. Code Cong. & Admin. News, 1978. 5787,6296.

For instance, In re Olson, 38 B.R. 515, 517 (Bkpty. N.D. Ia. 1984) held that a physicians letter to debtors family that it would no longer provide medical care to debtors family for failure to pay for medical services violated the stay. In essence, the withholding of services to debtors family by a physician "serves no purpose but the collection of a debt". Id.

A debtor is "to be free from 'any act to collect' no matter what form that act took". Divane v. A and C Elec. Co., Inc., 193 B.R. 856, 861 (N.D. Ill. 1996). Section 362(a)(6) "proper focus is on the creditor's behavior and the effect of that behavior on the debtor". Id at 861, n.6. "Thus any act taken by a creditor for the purpose of collecting a prepetition debt violates the stay if it amounts to pressure on the debtor to pay". Id at 859.

3

1  "[C]ommunication from the creditor to third parties can fall within the scope of Section 362(a)(6) so long as the communications are factually deemed to be an act to collect" Id at 859. For example, a letter which a creditor sent to debtor's in-laws was an effort to collect a debt in violation of the automatic stay. In re Crudup, 287 B.R. 358(E.D.N.C. 2002). This whole event is upsetting Debtors, as they are unable to access their funds and is veiled attempted by Wells Fargo to collect on its debt.

### B
### DAMAGES

11 U.S.C. § 362(k)[1] makes the recover of actual damages, costs, and attorney's fees mandatory. Punitive damages are in the Court's discretion. In order for a debtor to prevail under § 362(k), it must first prove that the violation was willful. Willful is defined as a deliberate act done with the knowledge that the act is in violation of the automatic stay. In re Forty-Eight Insulation, Inc., 54 B.R. 905, 909 (Bkrptcy N.D. Ill 1985); In re Allen, 83 B.R. 678 (Bkrptcy E.D. Penn. 1987). A creditor's violation of the stay is willful even if the creditor believed itself justified in taking action found to be violative of the stay. In re Tel-A-Communications Consultants, Inc., 50 B.R. 250, 254 (Bkrptcy D. Conn. 1985). Wells Fargo has acknowledged Debtors bankruptcy.

> The Ninth Circuit elaborated on the term "willful" in the context of 11 U.S.C. § 362(h), In re Pinkstaff, 974 F.2d 113

---
[1] Formally §362(h).

> (9th Cir. 1992). "A 'willful violation' does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that if had a right to the property is not relevant to whether the act was 'willful' or whether compensation must be awarded. Id at 115. See also In re Bloom, 875 F.2d 224, 227 (9th Cir. 1989); In re Carroll, 903 F.2d 1266, 1272 (9th Cir. 1990).

The size and complexity of the creditor's organization is no defense to a stay violation. In re Fernandez 132 B.R. 775 (District Court M.D. Fla.1991). The fact that a creditor acted in good faith in violating the automatic stay is not a defense. In re Stainton, 139 B.R. 232 (9th Cir. BAP 1992).

> "The plain language of the statute requires that the injured party be awarded the entire amount of actual damages reasonably incurred as a result of a violation of the automatic stay. Under the circumstances of this case, allocating a portion of the actual damages as an expense to be borne by the bankruptcy estate is inconsistent with the plain language of the statute." Stainton at 234-235.
> See also In re Bulson 117 B.R. 537 (9th Cir.BAP 1990).

## IV
## CONCLUSION

It is clear, that this Creditor violated the automatic stay. This is a case which warrants the imposition of sanctions as well as an award of attorney's fees. The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial

pressures that drove them into bankruptcy.  H.R. 989, 95th Cong. 2d Sess. 54-55 (1978).

   WHEREFORE, the Debtor respectfully requests an order;

   1.   Wells Fargo lift its freeze on Debtors account.
   2.   Sanctioning, Wells Fargo, $1,000.00.
   3.   Awarding Debtor's attorney fees of $1,000.00.
   4.   Hold a separate hearing on damages and attorney fees.
   5.   Any other relief deemed just and proper.

   DATED this 27th day of August, 2009.

                                    Respectfully Submitted By:


                                    /S/CHRISTOPHER P. BURKE, ESQ.
                                    CHRISTOPHER P. BURKE, ESQ.
                                    Nevada Bar No.: 004093
                                    218 S. Maryland Parkway
                                    Las Vegas, Nevada 89101

6